BLAIR CAMERA CO. *v.* BARKER et al.

(Circuit Court, D. Massachusetts. January 17, 1893.)

No. 2,774.

PATENTS FOR INVENTIONS—INFRINGEMENT—PHOTOGRAPH CAMERAS.

Letters patent No. 294,959, issued March 11, 1884, to Thomas Henry Blair, covering a combination with the frame and partition of a camera, of two adjustable bars, closing the mouths of the plate chambers, respectively, when in their inmost positions, must, if sustainable at all as containing novelty or utility, be restricted substantially to the structure described, and is not infringed by a camera with bars which are on the outside of the end bar of the plate-holder frame, and are not adapted to close the mouths of the plate chamber.

In Equity. Suit by the Blair Camera Company against Frank R. Barker and others to restrain infringement of a patent. Bill dismissed.

John L. S. Roberts, for complainant.
Edwin H. Brown, for defendants.

CARPENTER, District Judge. This is a bill in equity to enjoin an alleged infringement of letters patent No. 294,959, granted March 11, 1884, to Thomas Henry Blair, and assigned to the complainant. The claim alleged to be infringed is as follows:

"(1) In combination with the frame, A, and partition, the adjustable bars, F, F, these bars closing the mouths of the plate chamber, respectively, and, when in their inmost positions, extending into such chamber beyond the inner edge of the frame, substantially as stated."

The purpose of these adjustable bars is to fasten the photographic plate within the plate holder. In this respect they do not differ from other bolts which are a very old device for a similar purpose. This bolt, however, may more properly be described as a "sliding bar;" since the name of "bolt," as commonly used, would be applied to a fastening which slides or moves in the direction of its longest diameter, while the bars of the patent are apparently so formed as to have their longest diameter at right angles with the line of their motion. The drawing and specification, indeed, do not make this certain; but they make it probable, and the name of "bar," which the patentee gives to his device, may, perhaps, be said to imply so much. But a sliding bar, having, among other functions, that given to the adjustable bars of the patent, is not a new device. Such a bar appears in the drawing annexed to letters patent No. 93,669, granted August 17, 1869, to Joseph Buchtel. The claim of the patent, therefore, must be so limited as to cover only a sliding bar in a camera, and constructed with reference to the other parts of the camera, substantially as described in the specification. It appears by the claim that when the adjustable bars are moved inward, so as to fasten the plate, they must close the "mouths" of the plate chamber. These "mouths" are evidently the slots in the frame through which the bars slide. The expert, called for the complainant, says that the bars work through the end bar of the plate-holder frame; that is, they work between the two outer sides of said bar. The words of the claim which refer to the bars as "closing the mouths of the plate chamber, respectively," also seem to me to point to the same conclusion. There are, so far as I see, no other apertures to which the plural word "mouths" could be applied.

In the plate holder made by the respondents, the sliding bars— again quoting the expert called by complainant—"are outside of the end bar of the plate-holder frame, adjacent to which they are fitted." They are not adapted to close the mouths of the plate chamber, since the device of the respondents contains no such mouths. They are not, therefore, either in structure or in function, the bars of the patent.

The respondents have defended this suit on the ground of insufficiency of specification in the patent, and on the ground of want of patentable novelty. It is true that the specification is not very clear, but I think, by the aid of the drawings and a knowledge of the art, it is possible to make out what the patentee intends; and, if there be any utility in the specific construction of the sliding bars shown on the patent, I think they may be considered the subject of

invention. On the question of utility, I have no evidence here, and therefore I do not pass on that question. The bill must be dismissed, on the ground that the respondents do not infringe.